UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00204

**United States of America,**
*Plaintiff,*

v.

**Jason Elias Briley et al.,**
*Defendants.*

## ORDER AND FINAL JUDGMENT

The parties to this tax action move jointly for entry of a stipulated order of permanent injunction and final judgment. Doc. 19. The court ordered the parties to show cause why a permanent injunction is appropriate under *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006). Having considered the parties' joint report, the court finds that a permanent injunction in this case is appropriate, with all four *eBay* factors favoring issuance of an injunction.

Plaintiff United States of America and defendants Jason Elias Briley; Roxann Ladawn Johnson f/k/a Roxann Ladawn Ellis; Alexander McKenzie; Courtney Jones; Derek Brooks; Deanna McKenzie; Erbia Lewis; Patrick McKenzie and JRC Elite Tax Solutions, LLC d/b/a Elite Tax Solutions (collectively, "defendants"), stipulate as follows:

1. The United States filed a complaint alleging that the defendants engaged in unlawful tax-preparation activity. (Doc. 1)

2. Defendants admit that this court has jurisdiction over them and over the subject matter of this action.

3. Defendants waive entry of findings of fact and conclusions of law under Federal Rule of Civil Procedure 52 and 26 U.S.C. §§ 7402, 7407 and 7408.

4. Defendants enter into this stipulated order of permanent injunction and final judgment voluntarily.

5. Defendants are not admitting the allegations contained in the complaint filed by the United States.

6. Defendants waive any right they may have to appeal from this stipulated order of permanent injunction and final judgment.

7. Defendants acknowledge that entry of this stipulated order of permanent injunction and final judgment neither precludes liability (e.g., the assessment of taxes, interest, or penalties) against them for asserted violations of the Internal Revenue Code, nor precludes defendants from contesting any such liability other than as to the amount(s) of disgorgement provided for within this stipulated order of permanent injunction and final judgment.

8. Defendants agree and consent, without further proceedings, to the immediate revocation of any Preparer Tax Identification Number ("PTIN") that is held by or assigned to them pursuant to 26 U.S.C. § 6109, and the Electronic Filing Identification Number ("EFIN") held by or assigned to JRC Elite Tax Solutions, LLC d/b/a Elite Tax Solutions or any of the defendants.

9. Defendants consent to the entry of this stipulated order of permanent injunction and final judgment without further notice and agree that this court shall retain jurisdiction over them for the purpose of implementing and enforcing this stipulated order of permanent injunction and final judgment. defendants further understand that if they violate this stipulated order of permanent injunction and final judgment, they may be found to be in contempt of court and may be sanctioned for that.

10. Entry of this stipulated order of permanent injunction and final judgment resolves only this civil injunction action, and neither precludes the government from pursuing any other current or future civil or criminal matters or proceedings, nor precludes defendants from contesting their liability in any such matter or proceeding.

Wherefore, the court hereby finds, orders, and decrees that:

A. The court has jurisdiction over this action under 28 U.S.C. §§ 1340 and 1345 and under 26 U.S.C. §§ 7402, 7407 and 7408;

B. Defendants consent to the entry of this stipulated order of permanent injunction and final judgment and agree to be bound by its terms;

C. Defendants, their agents, servants, and employees, and anyone else in active concert or participation with them, are permanently enjoined under 26 U.S.C. §§ 7402, 7407 and 7408 from, directly or indirectly:

1. acting as federal tax return preparers;

2. preparing, requesting, advising, assisting in, or directing, the preparation or filing of federal tax returns, amended returns, or other documents or forms related to a matter material to the internal revenue laws for any person or entity other than themselves;

3. advising, counseling, or instructing anyone regarding substantive tax law or the preparation of federal tax returns;

4. engaging in any other activity subject to penalty under I.R.C. §§ 6694, 6695, or 6701 or any other penalty provision of the Internal Revenue Code;

5. engaging in any conduct interfering with the enforcement of the internal revenue law;

6. training, instructing, teaching, or creating or providing cheat sheets, memoranda, directions, instructions, or manuals, pertaining to the preparation of federal tax returns;

7. advertising tax return preparation services through any medium, including print, online, and social media;

8. referring any taxpayer to a tax preparation firm or to a tax return preparer, or otherwise suggesting that a taxpayer use any given tax preparation firm or tax return preparer;

9. collecting or gathering Forms W-2 and Forms 1099 from taxpayers or from customers who want to have their federal income tax prepared;

10. maintaining, assigning, holding, using, or obtaining a Preparer Tax Identification Number ("PTIN") or an Electronic Filing Identification Number ("EFIN");

11. working in the same office or office suite that also contains any part of a business whose activity at that office or office suite is to file, prepare, advise or assist in the preparation of documents relating to a matter material to the internal revenue laws, including federal tax returns, amended federal tax returns and related documents, for any person for compensation;

12. owning, operating, managing, working in, investing in, providing capital or loans to, receiving fees or remuneration from, controlling, licensing, consulting with, or franchising a tax return preparation business or any business that engages in the prohibited activities set out above in paragraphs (1) through (11) above;

13. selling, providing access, or otherwise transferring to any person or entity a list of tax preparation customers of JRC Elite Tax Solutions, LLC d/b/a Elite Tax Solutions or that the defendants generated through their tax return preparation activities; and

14. selling to any individual or entity any proprietary information of JRC Elite Tax Solutions, LLC d/b/a Elite Tax Solutions, including the business name "Elite Tax Solutions."

D. The IRS is authorized to cancel any Preparer Tax Identification Number and any Electronic Filing Identification Number issued to defendants;

E. Defendants are ordered to prominently post a copy of this stipulated order of permanent injunction and final judgment (with dimensions of at least 12 by 24 inches) at all the

    locations where the defendants conduct business, including, but not limited to, posting a copy at Elite Tax Solutions, 2012 S High St., Suite 101, Longview, Texas 75602;

F. Defendants are ordered to produce to counsel for the United States within 30 days of entry of this stipulated order of permanent injunction and final judgment a list that identifies by name, social security number, address, email address, and telephone number and tax period(s) all persons for whom the defendants prepared federal tax returns or claims for a refund for calendar years beginning in 2019 and continuing through this litigation;

G. Defendants are ordered to send, at their own expense, by U.S. mail within 45 days of this stipulated order of permanent injunction and final judgment, and, if an email address is known also by email, to (1) all persons for whom they have prepared federal tax returns, amended tax returns, or claims for refund since January 2019; and (2) all employees or independent contractors that the defendants have had since January 2019, a copy of the order of this stipulated order of permanent injunction and final judgment, with no other enclosures, unless the enclosure is approved by the Department of Justice;

H. Defendants shall, within 60 days of entry of this stipulated order of permanent injunction and final judgment, file a declaration signed under penalty of perjury confirming that they have received a copy of the stipulated order of permanent injunction and final judgment and have timely complied with the terms described in paragraphs F, G, and H;

I. Defendants shall keep records of their compliance with the foregoing directives, which may be required to be produced to the court, if requested, or to the United States;

J.  Defendants shall disgorge to the United States the following amounts:

| Defendant | Disgorgement amount |
|---|---|
| Alexander McKenzie | $58,514.94 |
| Courtney Jones | $308,161.14 |
| Deanna McKenzie | $148,089.85 |
| Derek Brooks | $560,023.84 |
| Erbia Lewis | $166,400.00 |
| Jason Briley | $5,186,747.89 |
| Patrick McKenzie | $425,608.90 |
| Roxann Johnson | $639,416.85 |

Each defendant is individually liable for, and indebted to the United States for, the disgorgement amount listed above.

K.  The United States may conduct post-judgment discovery to ensure the defendants' compliance with this stipulated order of permanent injunction and final judgment; and

L.  The court shall retain jurisdiction over this action to enforce this stipulated order of permanent injunction and final judgment against the defendants.

*So ordered by the court on January 9, 2023.*

J. CAMPBELL BARKER
United States District Judge